UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JIMMY GIDDENS, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-3284 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Jimmy Giddens' Petition for Writ of Habeas Corpus and Respondent William Stephens' Motion to Dismiss. Having carefully considered the Petition, the Motion to Dismiss, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion to Dismiss should be GRANTED, and Giddens' Petition for Writ of Habeas Corpus should be DENIED.

### I. Background

The background facts are not in dispute. Giddens was convicted of burglary with intent to commit sexual assault in the 278th Judicial District Court of Walker County, Texas on August 24, 1995. He received a 10 year suspended sentence.

On May 14, 1998, the State moved to revoke probation. On July 8, 1998, the trial court revoked Giddens' probation and sentenced him to eight years imprisonment. Giddens did not appeal. On July 12, 2006, Giddens filed a state application for a writ of habeas corpus. The Texas Court of Criminal Appeals dismissed the application because Giddens had already discharged his sentence. SH-01 (Docket Entry 8-5) at cover.

**II.     Analysis**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

Giddens' conviction became final on September 23, 1995. This is because a deferred adjudication is a judgment for AEDPA purposes, and Giddens had 30 days in which he could have filed a notice of appeal following his August 24 conviction. *See Caldwell v. Dretke*, 429 F.3d 521, 527-28 (5th Cir. 2005); Tex. R. App. P. 26.2(a)(1). Because Giddens' conviction became final before the AEDPA became effective on April 24, 1996, Giddens had one year from the effective date to file his federal petition. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). The limitations period for Giddens to raise a federal habeas corpus challenge to his conviction thus expired on April 24, 1997. Giddens filed this federal petition on October 31, 2012.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." Giddens filed his state habeas corpus application challenging this conviction on July 12, 2006. This was long after the federal limitations period expired. There was therefore no limitations period left to toll during the pendency of the state application.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or

prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).

Giddens waited almost 11 years after his conviction became final to file his state habeas corpus petition. He fails to demonstrate any grounds for equitable tolling. Therefore, Giddens' petition is time-barred, and must be dismissed.

## III     Conclusion

For the foregoing reasons, respondent's motion to dismiss is granted and Giddens' petition for a writ of habeas corpus is dismissed with prejudice.

## IV.    Certificate of Appealability

Giddens has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also*

*Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Giddens' petition. The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Giddens is not entitled to a certificate of appealability.

**V.**     **Order**

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent William Stephens' Motion to Dismiss (Doc. # 9) is GRANTED;

B.   Petitioner Jimmy Giddens' Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 19th day of December, 2013.

_____
Kenneth M. Hoyt
United States District Judge